AUGUST KOPPLEKOM AND OTHERS, PLAINTIFFS IN ERROR,
   v. LEMUEL HUFFMAN, DEFENDANT IN ERROR.

1. Sheriff's Bond.  An official bond given by a sheriff ran to "the people of the State of Nebraska," while the statute required it to run to the county for which he was elected.  *Held*, that this was a mere irregularity of which neither the sheriff, nor his sureties, could take advantage, in an action upon it.

2. Pleading: PROOF: VARIANCE. Certain errors having been made by the pleader in copying a portion of the instrument sued on into the petition, on the trial the introduction of the original in evidence was objected to on that ground. *Held*, that, inasmuch as it did not appear that the variance could have prejudiced the objector, the instrument was properly admitted.

3. Charge to jury. Where instructions to a jury are requested which are substantially covered by the charge as given, the refusal to give them is not error. One full and clear instruction upon a given point is enough. Instructions examined and, as given, found to state the law correctly.

4. Arrest: ESCAPE FROM. Before an officer can lawfully resort to extreme measures—such as shooting—to prevent an escape from an unauthorized arrest for felony, he is required to exercise a high degree of care and diligence in ascertaining whether he has the right man.

5. Preponderance of evidence. In an action against a sheriff and his sureties upon his official bond for an injury occasioned by negligently making an unauthorized arrest, the issues are to be determined by the preponderance of evidence, as in other civil cases.

6. Negligence a question for the jury. Where in such an action the acts complained of were admitted, and sought to be justified as having been necessary in the proper discharge of official duty, and the material inquiry being as to the alleged negligence, this is a question peculiarly for the jury, and if there be evidence to support their finding it will not be disturbed.

ERROR to the district court of Dodge county. Tried below, before POST, J. The case came here in 1879, and is reported 8 Neb., 344. Verdict and judgment in favor of plaintiff Huffman.

*Marlow & Munger* and *E. F. Gray*, for plaintiff in error.

1. Bond admitted in evidence is not identical with that set out in petition. The variance is fatal. 1 Greenleaf Ev., sec's 56, 58 and 66. 2 Id., sec's 11 and 160.

2. Bond is void because it differs from the statutory requirements in several respects. Gen. Stat., 99. *Sexson v. Kelley*, 3 Neb., 104. *Cutler v. Roberts*, 7 Neb., 13.

*Silver v. Governor,* 4 Blackf., 15. *Jackson v. Simonton,* 4 Cranch C. C., 255. *Howard v. Brown,* 21 Maine, 385.

4. Under the evidence, we contend that the plaintiff below was properly arrested and knew he was in the hands of an officer, charged with a felony and breaking jail; and that his resistance and whole conduct was calculated to confirm the sheriff in the belief that he had found the escaped felon.

It is clearly established by proof, that Koppelkom had reasonable grounds to believe that the plaintiff was the escaped prisoner and did so believe, at the time of the arrest and shooting of plaintiff; and that the sheriff acted without malice, in good faith, and . upon resonable grounds, is not controverted by any fact or circumstance in the case.

The arrest and shooting must, therefore, be viewed in the same light as though it actually had been Clark that was arrested, broke away, and shot to effect his recapture. And we think it will not be questioned but what, had it been Clark, instead of Huffman, the shooting would be justified. That Clark in that case could not maintain this action. It is a well established rule of law, that a sheriff, upon reasonable grounds of suspicion that a felony has been committed, may make an arrest of the suspected party without warrant, and will be justified, though it turn out that no felony was in fact committed, or that the suspected party is in fact not the guilty party. *Burns v. Erben,* 40 N. Y., 463. *Rohan v. Sawin,* 5 Cush., 281.

*Marshall & Sterett,* for defendant in error.

1. There was not on the trial any claim or proof that defendants were misled to their prejudice by immaterial variances between the allegation and proof. Civil Code, sec. 138.

2. The alleged invalidity was settled in 8 Neb., 347.

7

3. In answer to the fourth point in plaintiff's brief we cite *Mix v. Clute*, 3 Wend., 350. Gwynn on Sheriffs, 100, 552. Wharton on Homicide, sec. 245. *Hoye v. Bush*, 1 Man and Granger, 775. *Commonwealth v. Crotty*, 10 Allen, 403. *Case v. Hart*, 11 Ohio, 368. 1 Bishop Crim. Law, sec. 868. 1 East Pleas Crown, 328.

4. Defendant sureties are liable upon the bond for the wrongful acts of sheriff. *Van Settler v. Littler*, 14 Cal., 194. *People v. Schuyler*, 4 Com., 173. *Ohio v. Jennings*, 4 O. S., 423. *Kane v. U. P. R. R. Co.*, 5 Neb., 107. *Com. v. Stockton*, 5 Monroe, 129. *Jewell v. Mills*, 3 Bush., 6. *Forsyth v. Ellis*, 4 J. J. Mars., 299. *Com. v. Reed*, 3 Bush., 516. *Cormack v. Com.*, 5 Binney, 184. *Com. v. Cole*, 7 B. Monroe, 250. *Lowell v. Parker*, 10 Met., 309. *Greenfield v. Wilson*, 13 Gray, 384. *Skinner v. Phillips*, 4 Mass., 75. *Rollins v. State*, 13 Mo., 437. *Harris v. Hanson*, 11 Maine, 241. *State v. Fanning*, 21 Mo., 160.

LAKE, J.

The first five of the alleged errors relate exclusively to the official bond on which the action was brought. That the plaintiffs in error, as principal and sureties, actually executed an official bond for Kopplekom as sheriff, is not denied by the answer. The statements on this point are evasive. In effect, the denial is simply that they never "made their writing obligatory, as copied and set out in said petition;" and that the instrument "as mentioned and described in said petition," was never "approved according to law." An effort seems to have been here made by the pleader to take advantage of an evident clerical error in the wording of the bond itself, and also in copying it, by which certain words were omitted, or used, which ought not in strictness to have been. For instance, by the terms of the bond, as made, it runs to: "The people of the State of Nebraska," whereas it should have run to Dodge county, as the statute provides. This irregu-

larity, however, cannot be taken advantage of by the sheriff or his sureties as we held in *Huffman v. Kopple-kom*, 8 Neb., 344. Again, in copying a portion of the bond into the petition, the clause, "and these presents are upon this condition," between the last two words, the term "express" is inserted in the copy. And by still another error in copying, the phrase, "according to law and the best of his ability," is given as being, "according to law, and *to* the best of his *skill* and ability."

These variances could not possibly have misled, or in the slightest degree prejudiced the plaintiffs in error. They were therefore properly treated by the court as immaterial. "No variance between the allegation in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits." Sec. 128, code of civil procedure. It is not even claimed that these parties were misled; therefore, there being no merit in the objection, the bond was properly admitted in evidence.

The next objection in order is that made to the testimony of the witness Lang, "that August Kopplekom was sheriff of Dodge county." Had it been necessary to prove that Kopplekom was then sheriff, the testimony of this witness would have been pertinent and proper for that purpose. But, under the pleadings, this proof was superfluous, for, by the answer, it stood admitted that he was such sheriff, and that while in the lawful discharge of his official duty, he did the act complained of. Indeed, the injury to Huffman is sought to be justified on the sole ground that it was done in the lawful attempt to arrest him under the honest belief that he was really an escaped prisoner, charged with a felony.

A very large number of errors are alleged respecting the rulings of the court upon the admissibility of evidence. We have examined the bill of exceptions with care

respecting this complaint, and noted the several points on which reliance is placed for a reversal, but fail to find anything to which exception could be justly taken. The several rulings of the judge in this particular seem to have been entirely fair throughout, and, as to the plaintiffs in error, quite as liberal as was possible. The alleged errors in this respect must, therefore, be overruled, and we pass them without further comment.

It is also claimed that errors were committed in the charge to the jury, both in refusing certain instructions requested, and in giving others to which exceptions were taken. As to those requested, which the judge refused, being two in number, we need only say that the substance of the ruling thus sought was fully included in an instruction which the court gave in far more appropriate terms, and with especial reference to the testimony by which the sheriff sought to justify his conduct on the occasion of the attempted arrest. Having fully covered the ground, by the charge as given, it was not error to refuse requests covering the same ground, and differing, not in substance, but in phraseology only. One full and clear instruction upon a given point is enough.

The instructions given, which are complained of, are four in number. In substance they were as follows:

*First.* That if the jury found for the plaintiff (defendant in error) they should assess his damages at such sum as they might believe him entitled to, "from a full and fair consideration of all the facts and circumstances in evidence before them touching the injury complained of." That the amount allowed "should be such sum as will compensate the injured party for such loss of time, physical pain, and mental distress as are fairly and reasonably the plain consequences to him of the injury;" that if the jury found the injury to be "permanent, then in fixing the amount of damages they should take into consideration the nature and extent of the injury in all its

fair and reasonable consequences, and include future as well as present disability."

*Second.* That if the jury found that Kopplekom shot and broke the plaintiff's leg, and at the time of doing so, " had a writ of mittimus for the custody of the escaped prisoner Clark, but that he had no other process for the arrest of the plaintiff; that the defendant Kopplekom did arrest and take the plaintiff into his custody, as such sheriff, and against the wish and consent of the plaintiff; that the plaintiff broke loose from the arrest and custody of the defendant Kopplekom, to effect his escape therefrom; that the shooting and injury was done to prevent the plaintiff from escaping, and freeing himself from said arrest and custody; that the defendant mistook the plaintiff for the escaped prisoner Clark. Yet if the jury further find that said defendant Kopplekom might by the exercise of due care and diligence have ascertained that the plaintiff was not said' Clark, then the jury will find for the plaintiff."

*Third.* That, " before an officer can resort to extreme measures to prevent an escape from an unauthorized arrest, he should exercise a high degree of care and diligence in ascertaining whether he has the right or wrong man."

*Fourth.* That in finding their verdict the jury should be governed by the " preponderance of evidence."

As to these four instructions we will only add that they undoubtedly state the law correctly, and the exceptions to them must be overruled. Under the pleadings the real question in issue was simply whether in what he did in and about the arrest, and attempted detention, of the defendant in error, he was wanting in that reasonable care and caution which is due to the safety and rights of the innocent. That question was properly presented to the jury by the charge, and we see no reasonable ground of complaint in anything that the court did.

The substance of the remaining objections to be considered is as to the finding of the jury upon the facts. Finding no error either in the admission of evidence, or the instructions of the court, the only remaining inquiry for this court is simply whether, from the facts and circumstances detailed before them, the jury were warranted in finding that the great and permanent injury done to the defendant in error was the direct result of negligence on the part of the sheriff in the discharge of official duty. The fact that the act complained of was done in the discharge of official duty is set at rest, as we have already seen, by the answer. Therefore, the material inquiry for the jury was as to the alleged negligence. The testimony on this point is very voluminous, covering several hundred pages of manuscript, and no valuable purpose could be served by copying, or by giving a fair synopsis of it here. Suffice it to say that, although somewhat conflicting, especially on minor points, it was certainly sufficient to warrant the finding of the negligence charged, and we even fail to see how a different conclusion from that wrought out by the jury could in reason have been reached. There is no reason, therefore, for disturbing the verdict on this ground. As we find no substantial error in the matters complained of the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.