ROBERT VOLKER, PLAINTIFF IN ERROR, V. THE FIRST NATIONAL BANK, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. **Usury:** EVIDENCE.    In an action against a national bank to recover the penalty provided by the United States statute for taking usurious interest, the testimony of the plaintiff, the principal witness relied upon to establish the usury, was vague, indefinite, and unsatisfactory.    *Held,* That the court could not review the findings of fact of the jury.

2. **Evidence:** ACCOUNT BOOKS.    Under section 346 of the Code, books of account which in other respects are unobjectionable, may be introduced in evidence without calling the party or clerk who made the entries to prove the same, where a sufficient reason is given for not calling such witness.

3. ——: ——.    When books are identified as the books of original entries of the party, and the items and entries therein of the adverse party's account are given in evidence without objection, it is too late to object that the person who made the entries was not called to prove the same.

4. **Judgment in Excess of Verdict.** In an action to recover a penalty the jury returned a verdict for $16.60 in favor of the plaintiff. He thereupon filed a motion for a new trial, and assigned among other grounds that there was error in the amount of the assessment, as $21.50 usurious interest had been admitted.    The court

thereupon with consent of the defendant rendered judgment for $50 in favor of the plaintiff. *Held*, That as the only available error was in the assessment as above, the court had authority, with the defendant's consent, to render judgment for a sum in excess of the verdict, thereby granting the plaintiff in that respect all that he claimed, instead of remanding the cause for a new trial.

5. **Errors** alleged to have occurred in the assessment of damages must be assigned in the motion for a new trial.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*Daniel F. Osgood*, for plaintiff in error.

*A. M. Appelget*, and. *S. P. Davidson*, for defendant in error.

MAXWELL, J.

This is an action brought by the plaintiff against the defendant in the district court of Johnson county to recover the penalty for exacting usurious interest. There are fifteen counts in the petition, the transactions extending from 1884 to 1886, and the amount claimed to be due being $3,195.

The defendant in his answer: First, denies the facts stated in the petition; and second, pleads the statute of limitations as to the first, second, third, and fourth, counts of the petition. On the trial of the cause the jury returned a verdict for $16.60 in favor of the plaintiff. The plaintiff filed a motion for a new trial, and assigned as the third ground of error that "There is error in the assessment of the amount of the recovery in this, that the defendant admitted the receiving from the plaintiff of $21.50 usurious interest, whereas the verdict is for only $16.60." The court overruled the motion for a new trial, and as there was an admission by one of the officers of the bank of having

received $21.50 usurious interest, judgment was rendered against the defendant with its consent for the sum of $50.

No exceptions were taken to the instructions asked or given, and but few exceptions to the evidence. The questions before the court therefore are to a great extent those of fact. The testimony of the plaintiff, upon which the right to recover to a great extent depends, is vague, indefinite, and unsatisfactory. He was a farmer doing a large amount of business, evidently, and kept an account with the defendant. This seems to have been frequently overdrawn, and when his attention was called to the fact, he would give a note for the amount thus overdrawn. He evidently was unaccustomed to the mode of conducting business in a bank, and was unable or at least did not give an intelligible statement of all his transactions with the defendant.. This seems to have been caused entirely by his lack of business experience.

W. A. Wolf was called as a witness by the plaintiff, and testified that he was cashier of the defendant, and had been since July, 1883. He was then asked:

"Will you produce the discount register and bank blotters for the years 1884, 1885, and 1886?"

The record then proceeds:

A. I think they are here on the table. [Books produced and identified as plaintiff's exhibit.] These are the books I believe; the discount journal from July, 1883, to 1886. [Book identified as plaintiff's exhibit.] There are three books, called the day blotters, showing the transactions of the bank from July, 1883, to February 12, 1887. [Identified as plaintiff's exhibits, B, C, and D.]

This witness was afterwards called by the defendant and testified without objection to the several items of account with the plaintiff as they appeared by the books above referred to, and such items were offered and received in evidence practically without objection. On cross-examination of the witness he testified in substance that the books in

question had not been kept by himself but by other employés of the bank, and that he testified from the books. It is now contended that these entries are mere memoranda, and that the witness not having made them could not use them to refresh his memory. The rule no doubt is that at common law, entries and memoranda made in the usual course of business by clerks and other persons, may be received in evidence after the death of the person who made them; but if the person who made them is living, he must be called or his deposition taken. (*Halliday v. Martinet*, 20 Johns. 168; *Butler v. Wright*, 2 Wend. 369; *Hart v. Wilson*. Id. 513; *Nichols v. Goldsmith*, 7 Id. 160; *Sheriden v. Smith*, 2 Hill, 537.) The statute, however, has changed the common-law rule. Sec. 346 of the Code provides that: " Books of account, containing charges by one party against the other, made in the ordinary course of business, are receivable in evidence only under the following circumstances, subject to all just exceptions as to their credibility: *First*—The books must show a continuous dealing with persons generally, or several items of charges at different times against the other party, in the same book. *Second*—It must be shown by the party's oath, or otherwise, that they are his books of original entries. *Third*— It must be shown, in like manner, that the charges were made at or near the time of the transaction therein entered, unless satisfactory reasons appear for not making such proof. *Fourth*—The charges must also be verified by the party or the clerk who made the entries, to the effect that they believe them just and true, or a sufficient reason must be given why the verification is not made."

It will thus be seen that where the books are otherwise unobjectionable, it is unnecessary to call the party or clerk who made the entries, if a sufficient reason is given why such verification is not made. As to what constitutes a sufficient reason, it is unnecessary to determine, as the question is not raised. Had proper objections been made at

the outset to the entries in the books, no doubt the person who made the same would have been called, or his absence accounted for; and thus a sufficient reason been given for his failure to verify the books. The probabilities are that the plaintiff believed that the books had been properly kept, and thus failed to raise any objection to them. But whatever the cause, he could not sit by and permit such evidence to be introduced without objection, and after the evidence is all in before the jury, and he has had the benefit of the same in his favor, raise an objection to its competency. This objection should have been made before the items of account were introduced in evidence, and it is now too late to raise it.

It is claimed that the books above referred to, show that the amount charged for the use of $5,000, for sixty days, was usurious. We find no objection of this kind, however, in the motion for a new trial, the only error as to the amount of recovery alleged in that motion being $21.50. This objection, therefore, cannot be considered. In overruling the motion for a new trial, the court in effect found that the jury had made a mistake in the computation of the penalty; that as the defendant had admitted that it had taken illegal interest to the extent of $21.50, that therefore the plaintiff was entitled to recover that amount. This objection was sustained, therefore, by rendering judgment for twice that sum and more. Just why the court fixed upon $50 does not appear; nor is it material, so long as it is as much as the record shows the plaintiff is entitled to recover. When the only available error is in the computation of damages, the court may, if the proof is undisputed on that point, or the facts are admitted, render a judgment, with the defendant's consent, according to such proof or admitted facts, notwithstanding a verdict for a lower sum, instead of granting a new trial upon that ground alone. It is the policy of the law to determine the rights of the parties in one trial, if it can be done consistently with the

protection and enforcement of the rights of both; and a judgment will not be reversed for a mere technical error which caused no prejudice. The court, therefore, having granted the plaintiff all that he claimed, he is not in a position to complain. Whatever the actual facts may be as to usury in the case at bar, the record is not in such condition that we can say that the judgment of the court below is erroneous. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.