RIVERSIDE COAL COMPANY V. LEONIDAS K. HOLMES.

FILED MAY 2, 1893.   No. 4852.

1. **Review:** SUFFICIENCY OF ASSIGNMENT OF ERROR: MOTION FOR NEW TRIAL. The statutory assignment, in a motion for a new trial, of " errors of law occurring at the trial and duly excepted to," is sufficient to present for review the ruling of the court upon a demurrer *ore tenus* interposed before the introduction of any evidence.

2. **Contract of Sale:** DAMAGES FOR BREACH: PLEADING.  In an action for damages for refusing to deliver goods in pursuance of a contract of sale, where no consequential damages are claimed, it is not necessary to allege the market value of the goods.

3. **Assignment of Error.** The failure of a jury, in assessing the amount of recovery, to allow interest upon a sum due upon contract is not presented for review by the assignment, in a motion for a new trial, that the verdict is not supported by sufficient evidence.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*W. B. Comstock*, for plaintiff in error.

*H. J. Whitmore, contra.*

IRVINE, C.

The plaintiff in error began this action to recover the sum of $68.86 with interest, for coal sold and delivered by plaintiff to defendant. The defendant by answer admitted his indebtedness to plaintiff as alleged in the petition and counter-claimed for damages, alleging that in April, 1888, a contract was entered into between the parties whereby the plaintiff agreed to furnish to defendant all coal that defendant should require in his brick yards during the season of 1888 at an agreed price of $3 per ton; that plaintiff failed and refused to furnish such coal, and that defendant was unable to obtain the same except at a much higher price; that by reason of the failure of the plaintiff to comply with his contract the defendant was compelled to pay a much greater sum for the coal required by him in his business during said year, to his damage in the sum of $200. A reply was filed which it is not necessary to set forth in order to an understanding of the questions presented for review. There was a verdict finding due the plaintiff upon its cause of action $68.86, and to the defendant upon his counter-claim $105.25, and a general finding for the defendant of the difference between these sums, $36.39.

The admission in evidence of the deposition of John Weihe is assigned as error. Objection was made to the reading of this deposition when offered, whereupon a witness was called for the purpose of proving Weihe's inability to be present at the trial. After this testimony was taken there was no further objection to the reading of the deposition. Upon the contrary, the attorney for the plaintiff said, "I suppose if that is the fact, and he is unable to come, we will have to allow his deposition in." Thereupon the deposition was read without further objection or exception. This court cannot therefore pass upon the admissibility of this evidence.

The giving of certain instructions by the court of its own motion and the refusal to give certain instructions asked by the plaintiff are also assigned as error; but these questions were not presented to the trial court in the motion for a new trial, and therefore cannot be here considered.

Upon the opening of the trial the plaintiff objected to the introduction of any evidence in support of the counter-claim, for the reason that the answer did not contain sufficient facts to constitute a defense to plaintiff's action, or a cross action against it. This objection was overruled, and this action of the trial court is assigned as error. It is urged by defendant that the motion for a new trial is not sufficient to present this question, but by section 317 of the Code, as amended in 1881, it is sufficient in assigning the grounds of a motion for a new trial to state the same in the language of the statute without further particularity. If the ruling of the court was erroneous, it was an error of law occurring at the trial, an assignment which does appear in the motion for a new trial. Upon this point the plaintiff contends that the answer was insufficient, in not alleging the market value of the coal at the time and place, when and where it should have been delivered. The case of *Denver, T. & G. R. Co. v. Hutchins,* 31 Neb., 572, is cited in support of that view. That case was, however, based upon a failure to deliver goods purchased for the purpose of resale, and the damages sought to be recovered consisted of loss of profits. The attempt was to hold the vendor liable for consequential damages, and the court held that the counter-claim, in failing to allege the contract price and the market value, was insufficient to support such damages. At the common law general damages, such as the law presumes to arise, as being the natural and necessary result of the wrong complained of, were not required to be pleaded. Damages for breach of contract to buy or sell goods were within this rule.

(*Boorman v. Nash*, 9 B. & C. [Eng.], 145 (by Lord Tenterden); 1 Chitty, Pleading, 336.) The forms of declarations on such causes of action contained no averment of market value. (2 Chitty, Pleading, 269.) The Code has not changed the rules of pleading in this regard. (Maxwell, Code Pleading, pp. 79, 113.) Even if the counter-claim had been insufficient to justify the admission of evidence as to the actual damage, it very clearly alleged a breach of contract for which defendant would be entitled to nominal damages at least, and the demurrer *ore tenus* should have been overruled for that reason.

It is argued that the verdict cannot be sustained, for the reason that the jury failed to allow interest in computing the amount due the plaintiff on its petition. The only assignment of error, either in the motion for a new trial, or in the petition in error, which by any possible construction could be made to cover this point, is that the verdict is not supported by sufficient evidence. We do not think this assignment sufficient. It is true that in the case of *Burkholder v. Burkholder*, 25 Neb., 270, it is said that it is probable that the assignment that the verdict is not sustained by sufficient evidence liberally construed will cover the point that the verdict is excessive; but in *Volker v. First National Bank*, 26 Neb., 602, and in *Everett v. Tidball*, 34 Id., 803, it is distinctly held that errors in assessment of damages must be assigned in the motion for a new trial. Section 314 of the Code, providing grounds for a new trial, gives in the fifth subdivision, "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property." Here is a special ground assigned, evidently not meant to be included within the others; and where the error complained of was the failure to allow interest, it is very clear that such error should have been called by this appropriate assignment to the attention of the trial court, where it could have been readily

corrected. Great injustice would be done by permitting the very general assignment of insufficiency of evidence to cover such a point, and lead to the reversal of a judgment in this court without requiring the precise question to be called to the attention of the trial judge.

AFFIRMED.

THE other commissioners concur.