WILLIAM BARMBY ET UX. V. WILLIAM A. WOLFE.

FILED FEBRUARY 19, 1895.    No. 6078.

1. **Assignments of Error:** EVIDENCE.   An assignment of error
   that the verdict is against the weight of the evidence is not good.
   The assignment must be that the verdict is not sustained by
   sufficient evidence.

2. **Invalid Negotiable Instruments:** RIGHTS OF BONA FIDE
   PLEDGEE.   Where a note is valid as between the original parties
   a pledgee may recover the whole amount thereof, retaining any
   surplus as trustee for the' party beneficially entitled; but where
   the note is invalid as between the original parties a *bona fide*
   pledgee may recover only the amount of his advances, provided
   there be no other party in interest.

3. **Instructions:** WEIGHT OF EVIDENCE: WITNESSES.   It is not
   erroneous to instruct the jury that while the defendants are
   competent witnesses, yet the jury have a right to take into con-
   sideration their interest in the result and all the circumstances
   surrounding them, and give to their testimony only such weight
   as in the judgment of the jury it is entitled to.

4. **Husband and Wife:** ACTION ON NOTE: EVIDENCE.   Suit was
   brought on a note purporting to be signed by A and wife; evi-
   dence examined, and *held* sufficient to sustain the verdict against
   A, but insufficient to sustain the verdict against the wife.

ERROR from the district court of Gage county.   Tried
below before BABCOCK, J.

*A. Hardy,* for plaintiffs in error.

*S. D. Killen* and *L. M. Pemberton, contra.*

IRVINE, C.

Wolfe sued the plaintiffs in error, who are husband and
wife, on a promissory note purporting to be signed by the
plaintiffs in error, payable to the order of R. Holben, and
by Holben indorsed to Wolfe as collateral security to a
loan made by Wolfe to Holben.   The Barmbys filed sepa-

rate answers; there was a verdict against both; they filed
separate motions for a new trial, which were overruled, and
they bring the case here on separate petitions in error. We
shall first consider the case of William Barmby.

By his answer he averred that since the making of the
note it had been, without his consent and fraudulently,
altered by inserting words of negotiability, and by adding
a clause whereby his wife pledged her separate estate. He
then averred that the plaintiff was not the owner of the
note and pleaded a counter-claim in support of which no
evidence was offered, and which was evidently waived at
the trial. The first assignment of error is that the verdict
is against "the great weight of evidence." This is not a
proper assignment. A verdict will not be set aside simply
because it is against the weight of the evidence. The assign-
ment of error in regard to a matter occurring on the trial
must be for some cause for which the Code authorizes a
motion for a new trial. The assignment in the motion for
a new trial must be that the verdict is not sustained by
sufficient evidence. (Code Civil Procedure, sec. 314; *Dur-
rell v. Hart*, 25 Neb., 610.) The next assignment is in
proper form, that the verdict is not sustained by sufficient
evidence. We think it is. The evidence tends to show
that Holben and Barmby made an exchange of land; that
there was on the land to be conveyed to Holben a mortgage
of $550; that this note was made to protect Holben against
this mortgage. Barmby signed both his own and his wife's
name to the note. The clause charging the wife's separate
estate was inserted before the note was signed. The note
contained words of negotiability when delivered to Holben.
After its delivery to him, and before they separated, Barmby
consulted a friend who advised him that inasmuch as the
deeds could not be delivered for some time the note should
not be made negotiable. The words of negotiability were
then struck out; but, Holben asserting that he did not like
this proceeding and that he wished to use the note, Barmby

told him he could insert the words "or order" when the deeds were delivered. The deeds were delivered and Holben restored the words of negotiability. There is also evidence tending to show that Barmby saw the note after the change had been made and repeatedly promised to pay it. This testimony is by no means uncontradicted, but it was sufficient to sustain the verdict against Barmby.

The next assignment is that the verdict is excessive. This is based on the fact that the verdict was returned for the whole amount of the note, while the evidence showed that there remained unpaid to Wolfe on the debt for which the note stood pledged only about $80. In *Haas v. Bank of Commerce*, 41 Neb., 754, it was said: "It is quite well settled that where a note is valid as between the original parties the pledgee may recover the whole amount of the note, retaining any surplus as trustee for the party beneficially entitled; but where the note is invalid as between the original parties the pledgee may recover only the amount of his advances, provided there be no other party in interest. (*Wiffen v. Roberts*, 1 Esp. [Eng.], 261; *Allaire v. Hartshorne*, 21 N. J. Law, 665; *Chicopee Bank v. Chapin*, 49 Mass., 40; *Union Nat. Bank v. Roberts*, 45 Wis., 373.)" This case falls in the former class. The defense was one which, if established, would defeat the note in the hands of an innocent holder. It is only where the plaintiff prevails merely because he is an innocent holder that he recovers simply the amount of the pledge. Where he recovers because a defense against the original payee is not established he recovers the amount of the note.

The giving and refusal of several instructions is assigned as error, but specific attention is called by the brief to only one instruction. The portion of this instruction objected to is as follows: "The court instructs the jury that while the law makes the defendants competent witnesses in this case, yet the jury have a right to take into consideration their interest in the result of your verdict and all the cir-

cumstances which surround them, and give to their testimony only such weight as in your judgment it is entitled to." It has been held that in a criminal case it is not error for the court to refer in a similar manner to the credibility of the prisoner. (*St. Louis v. State*, 8 Neb., 405; *Murphy v. State*, 15 Neb., 383; *Housh v. State*, 43 Neb., 163; *Carleton v. State*, 43 Neb., 373.) In the two latest cases doubts were expressed as to the policy of such instructions, but the question was no longer deemed an open one. The cases referred to being criminal cases, and the witness to whose testimony attention was specifically drawn being the defendant himself, these cases are stronger than that before us. We find no error in the record as to William Barmby and the judgment against him must be affirmed.

The only assignment in Mrs. Barmby's petition in error which we shall consider relates to the sufficiency of the evidence. Mrs. Barmby was in California when the note was signed. She took no part in the transaction and knew nothing about it when it took place. Barmby signed her name to the note. There is no evidence to show that he was authorized to do so. An attempt was made to prove such authority. It was shown that he had exercised authority to buy and sell land on her behalf, but this would not imply authority to issue negotiable instruments and to pledge her separate estate. It is said that the fact that Barmby assumed to sign her name is evidence of his authority to do so. This is not true. Agency cannot be established by the acts or declarations of the agent. A witness was called and a vigorous effort was made to prove by him that Barmby had general authority to sign notes for his wife. The effort completely failed. It resulted only in proof that on one occasion Mrs. Barmby had, in the presence of the witness, authorized her husband to sign for her a particular note which was to be given to the witness. Proof of this special authority did not prove or tend to prove a general authority to sign notes; and while counsel were permitted

to inquire of this witness after the manner of a cross-examination, the witness carefully and persistently refused to say that Mrs. Barmby's statement was anything more than a direction to her husband to sign this one note.

It was attempted to show that Mrs. Barmby had ratified her husband's act. Mr. Wolfe testified that he had written a letter to Mrs. Barmby in California and had received an answer purporting to come from her; that he had mislaid this letter, had searched for it and could not find it. He was then allowed to testify to its contents. The admission of this testimony is assigned as error, but we need not decide whether it was properly admitted, because, if admissible, it was insufficient to establish a ratification. Wolfe had twice sent the note to California for collection and had written several letters to Barmby about it. So far as appears the only effort had been to collect the note from Barmby. Wolfe then wrote a letter to Mrs. Barmby, the only information in the record as to its contents being that it "called her attention to the note." Mr. Wolfe's testimony as to the contents of the answer is: "She said her husband was away; that she would attend to the matter on his return and fix it up some way or another. She spoke about the small payment of $80 which I wrote her would be sufficient to pay my claim as far as it went on the Barmby note. Q. What did she say about that? A. She wanted to know how that could be done." This was not sufficient to establish a ratification. It does not appear that payment was demanded from her, and Wolfe's testimony as to the contents of the letter does not show any promise that Mrs. Barmby would pay it. On the contrary, she said her husband was away; that on his return she would fix it in some way. This would indicate, if it indicates anything, that her language was used with reference to her husband paying the note. It discloses no recognition of the note as a valid obligation against her. The evidence was insufficient to sustain a verdict against Mrs. Barmby, and the

10

judgment against her is therefore reversed and the cause remanded.

REVERSED AND REMANDED.