## PHILIP H. BEAVERS v. MISSOURI PACIFIC RAILWAY COMPANY.

FILED APRIL 7, 1896. No. 6464.

| 47 | 761 |
| 50 | 166 |
| 50 | 307 |
| 50 | 654 |
| 47 | 761 |
| 56 | 635 |
| 56 | 761 |
| 47 | 761 |
| 60 | 548 |

1. **Review:** ASSIGNMENTS OF ERROR. To present for review errors alleged to have occurred during the trial of a cause the assignment should, in apt words, set forth some matter for which a motion for a new trial is authorized by the Code of Civil Procedure.

2. ———: ———. An assignment of error that "The verdict is contrary to the evidence and is so exceedingly small as to clearly appear to have been given under the influence of passion, prejudice, or undue means," does not raise the question of error in assessment of the amount of the recovery by the jury independently, or aside from the consideration of the influence of passion, prejudice, or undue means.

3 ———: ———. Neither is such question presented by the portion of the assignment quoted, contained in the foling words: "The verdict is contrary to the evidence." Error in the assessment of the amount of recovery, whether too large or too small, has been specifically stated in the Code as one of the grounds of a motion for new trial (Code, sec. 314), from which it is clear that it was not included in either of the other causes.

4. **Railroad Companies:** DAMAGE TO RESIDENCE PROPERTY: VERDICT FOR PLAINTIFF. *Held,* That a consideration of

all the evidence discloses that the jury were not governed by passion, prejudice, or undue means in the assessment of the amount of recovery.

5. Instructions: REPETITIONS. It is not error to refuse to give an instruction requested in behalf of either party to a cause, where the subject-matter of the instruction is fully stated and explained in the charge of the court to the jury.

6. ————: HARMLESS ERROR. It is not error calling for a reversal of a judgment to give an instruction which could not, and it is clear did not, prejudice the rights of the complaining party.

ERROR from the district court of Saline county. Tried below before HASTINGS, J.

*Abbott & Abbott*, for plaintiff in error.

*F. I. Foss, B. P. Waggener, J. W. Orr*, and *David Martin, contra.*

HARRISON, J.

This is an action instituted in the district court of Saline county to recover damages alleged to have resulted to plaintiff's residence property, some lots and his dwelling situated in the city of Crete, from the location and operation, in proximity thereto, of defendant's railroad, its main line and a switch, and also its roundhouse in the city named. Issues were joined and a trial had to the court and a jury. A verdict in the sum of $100 was returned for plaintiff, and after motion for new trial in behalf of either party was overruled, judgment was rendered on the verdict. The plaintiff brings the case to this court by error proceedings.

It is claimed that the amount of the recovery is too small; that the testimony shows damages to

the property in a much larger sum than was allowed by the jury. The only assignment in the motion for new trial which can be said to have any reference to this point is as follows: "First, the verdict is contrary to the evidence and is so exceedingly small as to clearly appear to have been given under the influence of passion, prejudice, or undue means." This does not raise the question of an error in the assessment of the amount of recovery unaffected by passion, prejudice, or undue means. If this was sought to be done there should have been an assignment in apt words, which would have set forth the fifth cause, for which it is stated in our Code of Civil Procedure a new trial will be granted, viz.: "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property." (Code, sec. 314; *Barmby v. Wolfe*, 44 Neb., 77.) Error in the assessment of the amount by the jury is not raised by the portion of the assignment that the verdict is contrary to the evidence. Errors in the assessment of damages must be assigned in the motion for a new trial, and the Code having given this as one of the special grounds for a motion for new trial, it is clear that it was not included in either of the others. (*Riverside Coal Co. v. Holmes*, 36 Neb., 858.) The only point that can be said to be presented by this assignment in the motion for new trial is that the verdict is so exceedingly small as to clearly appear to have been given under the influence of passion, prejudice, or undue means. It is true that there was evidence which would have warranted the assessment of a much larger sum as the amount of recovery; on the contrary, there

was also testimony which tended to show that
the damages were even less than the amount of
the verdict, and, when viewed in connection with
all the evidence adduced on the subject of the
sum of damages, it is quite plain that the jury
could not have been influenced by either passion,
prejudice, or undue means in fixing the amount of
the recovery. This being true, the portion of the
attack on the verdict now under consideration
must be overruled.

The plaintiff complains of the refusal of the
court to give the third instruction requested to be
read for him, which was as follows: "In estimat-
ing the value of plaintiff's property you should
not be governed by the price that it would bring
at forced sale, or the price that could be obtained
for it from a speculator who might buy it for the
purpose of speculation; but you should consider
what it is worth to the owner for the purpose for
which he uses it and desires to use it." The court
charged the jury on the subject embraced in the
instruction offered in the following language:

"If you shall find for the plaintiff in this action,
you should assess his damages at such sum as
you shall find from the evidence that he has sus-
tained by reason of the construction and ordinary
operation of the defendant's railroad along and
adjacent to plaintiff's property. The items to be
considered by you in making your estimate of
damages are: The smoke, soot, and cinders which
envelope or are thrown upon plaintiff's property
or the necessary approaches thereto by passing
engines; also the noise and jar of buildings
caused by passing trains and engines, as well as
the noise caused by ringing of bells, sounding
of whistles of engines used on the road, while

it is also the inconvenience of ingress and egress to the property, if any, by being operated in an ordinary and proper manner proven. In short, you should consider every element arising out of the proper and ordinary operation of defendant's road that tends to diminish the value of plaintiff's property, so far as the same is shown by the evidence in this case.

"2. In estimating the plaintiff's damages in this case, if you should find from the evidence that he has sustained any by reason of the construction and operation of defendant's railroad as alleged in the petition, you are at liberty to take into consideration the fair market value of plaintiff's property as it was before the road was built and in operation and its fair market value after the road was built and in operation, and assess the plaintiff's damages at such sum as shall equal the difference between the two estimates, if you shall find there is any such difference, and in ascertaining the fair market value of the property you are not to determine that by what it would bring at forced sale or from one that might buy it for speculative purposes, but what a reasonably prudent and competent man would pay for it provided he wanted it where it is, and as it is, and for his own use, and was willing and able to buy."

Without commenting upon the rule announced in the instructions asked and refused, as to whether correct or not, it is clear that the true doctrine on the subject was fully and thoroughly stated in the charge of the court in relation to the questions involved, and consequently it was not error to refuse to give the instruction requested.

The court, at request of defendant, gave the following as a portion of its charge: "The mere fact

that plaintiff and his family may sometimes be annoyed or disturbed by sound or noise occasioned by the blowing of locomotive whistles, or the ringing of locomotive bells, or by the rattling or rumbling of passing engines and cars does not make out a case in his favor, if it is an annoyance suffered by plaintiff in common with all others who happen to reside or be in the vicinity of railroads." It appears from the record that the trial court modified the instruction as originally prepared and tendered, but in what particular the record does not disclose, but as modified it was given. The plaintiff contends that the instruction was erroneous and misleading, in that it confined consideration to those who "may happen to reside or be in the vicinity of railroads," instead of, as it should, extending it to include the general public. We need not now determine whether the instruction is open to the objection urged against it. If it be conceded, for the sake of argument, that it is so, its only application could be to the question of whether the plaintiff had suffered any damages or not, and this question the jury solved in his favor. The instruction under discussion, it is very evident, could in no manner affect the jury in determining from the evidence the market value of the property before and after the building and commencement of the operation of the railway, and hence could not have prejudiced the plaintiff. It follows that the judgment of the district court must be

AFFIRMED.