## CHARLES HAMMOND V. JOHN W. EDWARDS.

FILED NOVEMBER 17, 1898.  No. 8385.

1. **Conflicting Evidence: REVIEW.** A verdict on conflicting evidence, approved by the trial court, will not be disturbed in the appellate court.

2. **Instructions: PAYMENT: ISSUES.** Instructions set out in the opinion examined, and *held* to be based upon the testimony and to have fairly submitted the case to the jury.

3. **Vendor and Vendee: CONDITIONAL PAYMENT TO BANK: FAILURE OF BANK.** A vendor of real estate sent a deed to a bank to be by it held until purchaser should pay the consideration to the vendor, when the bank was to deliver the deed. There were liens against the property which it took some time to remove. The purchaser deposited the entire consideration with the bank, conditioned that the same should be retained by it and not paid to the vendor until the liens were discharged. Before the liens were all removed the bank failed. *Held,* That the loss fell upon the purchaser.

4. **Assignments of Error: AMOUNT OF RECOVERY.** Error in the assessment of the amount due will not be reviewed under an assignment in the motion for a new trial that the verdict is not sustained by sufficient evidence.

5. ——: ——. Excess in the amount of recovery cannot be considered in this court when not assigned as error in the petition in error.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*Lamb & Adams* and *Davis & Hibner,* for plaintiff in error.

*Harwood, Ames & Pettis, contra.*

NORVAL, J.

John W. Edwards brought this action to recover a balance claimed to be due him on certain real estate sold to the defendant. A jury trial resulted in a verdict for the plaintiff for $603.13, for which sum judgment was rendered against the defendant. It is undisputed that plaintiff, a resident of the state of Illinois, sold to the de-

fendant, who resided in Nebraska, a quarter section of
land, situate in Franklin county, this state, for the agreed
consideration of $2,900, of which sum $25 was paid when
the contract was made. A deed to the land in question
was executed by Edwards, and sent to the Capital Na-
tional Bank of Lincoln. Hammond paid in, or deposited
with, said bank the remainder of the purchase-money,
to be by it paid to the vendor when the incumbrances
against the premises were removed and title perfected.
Edwards has since received the entire consideration, less
$500 and the sum of $1.90 deducted from the remittances
by the bank to the plaintiff as exchange. The Capital
National Bank failed with the $500 remaining in its
hands, and the same has not been paid to either party.
The question involved is who did the bank represent in
the transaction? If the money belonged to the plaintiff
upon its deposit in the bank, it is obvious there can be
no recovery in this case. Plaintiff testified that he sent
the deed to the bank, to be delivered by it to the defend-
ant upon the payment of the balance of the consideration
to Edwards, and not to the bank. There was also intro-
duced evidence tending to prove that Hammond had con-
trol over the money at all times; that a certificate of
deposit for the $500 was issued in the name of Hammond,
and payable to his order, which was retained by the
bank with the title papers, and such certificate was found
in the bank vault by the receiver on his taking posses-
sion of the assets. From the evidence adduced, including
the correspondence between the parties, and between
Edwards and the bank, we are persuaded that it was
sufficient to sustain the finding that the title to the
money was in Hammond, and the bank having failed
while the money remained on deposit therein, the loss
was on the defendant. There was more or less conflict
in the oral evidence adduced on the trial, and we refrain
from disturbing the verdict based thereon.

Error is predicated upon the giving of certain instruc-
tions. The fourth reads as follows: "It appears from

the evidence that the plaintiff, at the time of the claimed payments, was a resident of, and present in, the state of Illinois, and that the defendant was a resident of, and present in, the state of Nebraska, and the transactions as to the disputed payments were had through the Capital National Bank of Lincoln, Nebraska. It also appears from the evidence, as undisputed, that the defendant paid the full amount of the $2,900 into the Capital National Bank; and it also appears from the evidence, as undisputed, that of such amount the plaintiff did not receive the sum of $500, and that, further, there was deducted from the remittances from the plaintiff the sum of $1.90 charges for exchange." It is insisted that it was prejudicial error to state to the jury that it was undisputed that of the amount paid by the defendant to the bank plaintiff did not receive the sum of $500, as it assumed the existence of a fact not established on the trial. This objection is unsound. It was shown beyond all controversy that the $500 in dispute never reached the plaintiff, and whether it did or not, was not in issue in the case; but the question involved was, was the receipt of the money by the bank a payment to Edwards? There was no ground for the jury to infer from this instruction, as argued by counsel for defendant below, that the trial judge regarded the receipt of the $2,900 as not a payment of that sum to plaintiff. The views and impressions of the court upon that point were not given to the jury, but by other portions of the charge they were left to draw their own conclusions from the evidence submitted by the respective parties.

Objection is made to the fifth instruction, which declares: "The question at issue in this case is, for whom was the Capital National Bank acting in the transaction between the plaintiff and defendant; and, if the bank was acting for the plaintiff, then, did the defendant, in paying in the $500 to the bank, pay the same unreservedly so far as he, the defendant, was concerned?" This was an appropriate direction to the jury. There was evidence

introduced to the effect that Hammond retained the right to direct the bank as to the disposition to be made of the money it received for the defendant, and that he informed the bank that it should retain the $500 until the title to the property was perfected, so that the money was not paid to the bank unreservedly by Hammond. Plaintiff was advised by the bank of defendant's instructions regarding the withholding of part of the money, but this fact did not constitute the bank Edwards' agent and prevent him from recovering the money from the defendant. If the latter desired the jury informed as to the meaning of the word "unreservedly" as employed in the fifth instruction, he should have tendered a proper request to charge.

The sixth instruction reads thus: "If you find from the evidence that the plaintiff authorized the Capital National Bank to receive the money for him from the defendant, and sent the deed to the land purchased to be delivered to defendant upon payment of the purchase price, then the bank will be authorized to receive the money from the defendant for the plaintiff, and an unreserved payment by the defendant to the bank of the money in question would be a payment to the plaintiff." The foregoing is assailed for the use of the word "unreserved," it being argued that payment to the bank was payment to the plaintiff, although the money was received by the bank upon condition or conditions imposed by the defendant. To this proposition we do not agree. If the payment of this money to the bank was conditional, then plaintiff was not bound thereby, so long as the conditions had not been complied with, notwithstanding the bank was authorized by plaintiff to receive the consideration for the land, since until the defendant released all interest in the money, and the plaintiff had the right to demand the same from the bank, there was in law no payment to Edwards. The bank had no right to bind him by accepting a conditional payment. The instruction was not faulty in the particular suggested.

The seventh instruction is criticised by counsel upon substantially the same ground, and no special consideration of this instruction at this time is necessary. If the money had been paid to the bank unconditionally, then there would be ground for argument that when the bank became insolvent the loss fell on Edwards, and not upon the defendant. But the jury have found that it was not so paid, and such finding is supported by sufficient evidence. The verdict is in harmony with the instructions given.

We have examined the rulings of the court on the admission of testimony, and find no error therein prejudicial to the rights of the defendant. It would serve no useful purpose to set out in this opinion the rulings complained of, or to state at length our reason for sustaining them.

It is finally argued that the verdict and judgment were for too large a sum, since the jury allowed the amount of exchange charged by the bank on the money remitted Edwards, also interest on the $500 from the date of the contract. It is asserted that interest should have been computed only from the date plaintiff perfected his title. Whether the verdict was excessive or not was not called to the attention of the trial court in the motion for a new trial, and therefore cannot be reviewed at this time. Error in the assessment of the amount due cannot be considered under an assignment in a motion for a new trial that the verdict is not sustained by sufficient evidence. (*Riverside Coal Co. v. Holmes*, 36 Neb. 858.) Moreover, there is no assignment in the petition in error relating to the amount of recovery. This alone is fatal upon that point. (*Oliver v. Chicago, B. & Q. R. Co.*, 40 Neb. 845; *Beavers v. Missouri. P. R. Co.* 47 Neb. 761; *Barmby v. Wolfe*, 44 Neb. 77; *Montgomery v. Albion Nat. Bank*, 50 Neb. 652.) The judgment is

AFFIRMED.