AMERICAN OIL COMPANY, A CORPORATION, APPELLEE, V.
CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT.

155 N. W. 2d 805

Filed January 26, 1968. No. 36684.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Walter J. Matejka, James E. Fellows, Allen L. Morrow, John Abbott, and George Selders, for appellant.

Lyle E. Strom and Fitzgerald, Brown, Leahy, McGill & Strom, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

The American Oil Company, a corporation, plaintiff,

was the owner of a tract running 73 feet east and west by 90 feet north and south, located on the southeast corner of the intersection at Seventy-second and Pacific Streets in Omaha. The site was occupied and used as a filling station and had two points of ingress and egress on each of the streets mentioned, with two islands, each containing two pumps. It was possible for an automobile going north on Seventy-second Street to enter the station, be serviced at the west pump, and then continue on in the north-bound lane of traffic. In like manner, automobiles going east on Pacific Street could be serviced at the north pump and continue east on Pacific Street. As of July 20, 1964, the City of Omaha, defendant herein, appropriated a portion of plaintiff's property by eminent domain proceedings. The portion taken constituted the northwest corner of plaintiff's property adjoining the intersection and extended from the corner 20 feet south on Seventy-second Street and 40 feet east on Pacific Street. The base of the triangle taken is an arc joining the two points last mentioned, leaving a rounded corner. The tract taken contains 240.91 square feet. After the taking, plaintiff's boundary lines on Seventy-second Street and on Pacific Street were reduced in length to such an extent that it was impossible to maintain the two points of ingress and egress on such boundary lines and but one means of entrance and exit remained on each street. It was not feasible to maintain two pump islands and the filling station setup was changed so that only one island containing two pumps remained. It was then impossible for motor vehicles to exit again into the same street and into the same stream of traffic which they had followed on entering the filling station.

By stipulation, evidence was introduced showing the gallonage or quantity of gas sold at the station in the years 1962 through 1966 which figures showed a drop in the amount of business done at this station after the taking as compared to that done prior to the taking.

Three witnesses testified as to the extent of the damage sustained by plaintiff, one placing the figure at $55,000 to $60,000, one at $45,745, and one at $22,021. The jury returned a verdict for plaintiff in the sum of $35,000 and the defendant city appealed.

Defendant assigns as error the admission of evidence showing the loss of business or gallonage sold after the taking as compared with that before the taking. Having stipulated to the admission of this evidence, defendant cannot now be heard for the purpose of objecting thereto. "Where testimony is offered and admitted in evidence without objection being made thereto, error cannot be predicated thereon on appeal." State v. Dillon, 175 Neb. 444, 122 N. W. 2d 223.

A second assignment of error relates to the admission of evidence of loss of access to plaintiff's property and to the instructions given by the court on this subject. In Balog v. State, 177 Neb. 826, 131 N. W. 2d 402, the following propositions are set out, to wit: "The right of an owner of property abutting on a street or highway to ingress and egress to and from his premises by way of the street is a property right in the nature of an easement in the street which he cannot be deprived of without due process of law and compensation for his loss. * * * The measure of the right of the owner of property abutting on a street to access to and from it by way of the street is reasonable ingress and egress under all the circumstances. * * * An abutting property owner is entitled to recover the damages resulting from the destruction or material impairment by the State of his right of access to an existing highway."

It is evident that the question as to whether or not plaintiff's access to his property has been unreasonably interfered with, under the existing circumstances, was a question for the jury and the evidence pertaining thereto was admissible. We have examined the instructions given by the court on this subject and find that

they correctly state the law as set forth in the case last-above cited.

As a final assignment of error, defendant insists that the verdict is excessive. It will be noted that the verdict was well within the limits of the evidence submitted at the trial. In the case of State v. Dillon, *supra*, the court said: "In a condemnation action, when the evidence is conflicting, the verdict of a jury will not be set aside unless it is clearly wrong. * * * The amount of the damages sustained by a landowner for a right-of-way condemned across his land is peculiarly of a local nature to be determined by a jury, and its verdict will not ordinarily be interfered with if it is based on the testimony."

No error appearing in the record, the judgment should be and is affirmed.

AFFIRMED.