LEO J. DEREMER ET AL., APPELLEES, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

156 N. W. 2d 6

Filed February 2, 1968. No. 36688.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., Thomas H. Dorwart, and John P. Regan, for appellant.

Ivan A. Blevens, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an eminent domain proceeding. Plaintiffs, condemnee, owners of four commercially zoned lots abutting U. S. Highway No. 34, sought damages for the State's taking of a strip of land on the north end of the property and for restriction of access to the remaining property. The highway was widened and medians installed, the work being completed prior to trial of this case. Plaintiffs received a verdict and judgment for $31,000 and the State appeals. We affirm the judgment.

The court refused the State's request to give the following instruction (requested instruction No. 5), the pertinent part of which is as follows: "In this case, evidence has been offered and received relating to certain structures, called 'islands' or 'medians' which were erected and are maintained in the highway and opposite to the property belonging to the plaintiff. You are instructed and cautioned that evidence relating thereto was offered and received not as an independent item to be considered by you in determining damages, but for the sole and only purpose of assisting you in determining whether or not the plaintiff has been denied reasonable access; that is, ingress or egress to and from their property, under all the circumstances as set forth and explained in the following instruction."

The State argues with considerable force that this instruction should have been given because a change in the flow of traffic by placing medians in the center of a street is noncompensable as incidental to the doing of a lawful act under the police power, and that medians, as such, are wholly unrelated to the taking of the land for the purpose of the widening of the street and constitute no element of damage to the land remaining after the taking. Painter v. State, 177 Neb. 905, 131 N. W. 2d 587; W.E.W. Truck Lines, Inc. v. State, 178 Neb. 218, 132 N. W. 2d 782. But the instruction requested, by its terms, told the jury that it could consider the installation of medians as a circmstance, affecting ("determining whether") the issue of denial of reasonable access to the plaintiffs. The purport of the instruction therefore was to caution the jury that such evidence, could not be considered as an independent item of damage. The requested instruction, then, by way of summary states, "* * * that is, *ingress or egress to and from their property, under all the circumstances as set forth and explained in the following instruction.*" (Emphasis supplied.)

The next following requested instruction (No. 6) was given to the jury verbatim as instruction No. 5A. In pertinent part, it states: "The measure of the right of the property owner is reasonable ingress and egress under all the circumstances. If you find, from a consideration of the evidence that the proposed access at the locations indicated are reasonable *under all the circumstances* as shown by the evidence, then plaintiff is not entitled to damages for loss of access. On the other hand, if you find from a preponderance of the evidence that the means of ingress and egress have been substantially interfered with; that is, is not reasonable *under all the circumstances,* then if you so find, the plaintiff is entitled to damages it may have sustained for loss of access. *But you are instructed that this element of damage is not an independent element of damage.*

Evidence relative thereto has been offered and received for your consideration in determining the amount of damages the owner may have sustained as 'consequential damages' as set forth and explained in these instructions." (Emphasis supplied.) This instruction is an accurate statement of the law. Balog v. State, 177 Neb. 826, 131 N. W. 2d 402; American Oil Co. v. City of Omaha, *ante* p. 532, 155 N. W. 2d 805.

It is therefore quite clear that the jury was told, at the State's request, that the interference with access (ingress and egress) and *all of the circumstances reasonably relating thereto, could not be considered as an independent item of damages.* The requested instruction did not prohibit the consideration of the medians as a circumstance, but rather, permitted consideration and asked for limitation of such consideration. The instruction given at the State's request covered the matter and therefore it was unnecessary to give requested instruction No. 5. Refusal of instructions, substantially covered by the charge given, is not error. Countryman v. Ronspies, 180 Neb. 76, 141 N. W. 2d 425; Hansen v. Strohschein, 178 Neb. 367, 133 N. W. 2d 598; Kopplekom v. Huffman, 12 Neb. 95, 10 N. W. 577.

An overlapping and perhaps repetitive contention of the State is that the evidence as to the medians was inadmissible under the doctrine of Painter v. State, *supra.* There are two answers to this contention. First, the State itself, in its requested instruction, permitted consideration, asking for limitation of such consideration. Second, and more important, the State, at the time it rested, specifically requested that the jury be permitted to view the premises, and the jurors observed the premises (with the highway and the medians completed), by stipulation of the parties. The court instructed the jury, to which no objection is made, that it could "take into account the results of your observations." Therefore the claimed error of the court in overruling an objection to a question which inferentially established the

existence of medians, is without merit. See, Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686; Gruntorad v. Hughes Bros., Inc., 161 Neb. 358, 73 N. W. 2d 700.

The assignment of error asserting excessive damages may not be considered. It was not raised in the trial court on motion for new trial and is not argued in the appellant's brief herein. Rule 8a2.(3), Revised Rules of the Supreme Court, 1967; Arla Cattle Co. v. Knight, 174 Neb. 360, 118 N. W. 2d 1; Volker v. First Nat. Bank, 26 Neb. 602, 42 N. W. 732; Beavers v. Missouri P. Ry. Co., 47 Neb. 761, 66 N. W. 821; Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

The judgment of the district court is correct and is affirmed.

AFFIRMED.