JOHN CATTLE, SR., APPELLEE, v. M. D. HADDOX ET AL., APPELLANTS.

1. **Usury.** Where a note and mortgage were given for the sum of $445.15, and only $380 received by the mortgagor, *Held*, On the facts proved, that the defense of usury was established.

2. **Report of Referee:** CONFLICTING TESTIMONY. Where the testimony is conflicting, the report of a referee will not be set aside as being against the weight of evidence unless it is clearly wrong.

APPEAL from the district court of Butler county. Tried below before GEORGE W. POST, J., on exceptions to report of referee.

*Sibbett & Fuller* and *W. R. Kelly*, for appellant.

*R. S. Norval*, for appellee.

MAXWELL, J.

This is an action to foreclose a mortgage executed by Haddox and wife upon certain real estate. The answer admits the execution of the mortgage, but sets up as a defense: *First*, Usury. *Second*, Payment. The case was referred to a referee who found as facts: That the consideration for the note and mortgage was the sum of $383. That on the 2d day of April, 1881, Haddox paid on said note the sum of $247.35; that there is still due and unpaid thereon the sum of $135.65. As conclusions of law the referee found that there was usury in the contract, and that the plaintiff was entitled to recover the balance of the principal without interest, being the sum of $135.65. Exceptions were filed to the report, which were overruled, and a decree entered in favor of the plaintiff for the sum of $135.65. The defendants appeal to this court.

The note was given for the sum of $445.15, when but

$383 were received by the maker, so that the plea of usury is clearly sustained.

The principal defense relied upon, however, is that the finding, that the note has not been paid in full, is against the weight of evidence.

It appears from the testimony that the mortgage was held at a bank in Seward, and that the mortgagor resided at Ulysses.  On the 2d of April, 1880, Haddox and one Toup delivered to one Thropp, a justice of the peace and real estate agent at Ulysses, $450, to go to Seward and pay the amount due on the note, and have the mortgage released.  Thropp went to Seward, and claims to have paid the amount due on the note, being $437.35, and obtained the note.

The plaintiff claims that Thropp merely paid the sum of $237.35 to the cashier of the bank, to whom the money was paid, having made a mistake in the computation of $200, which was not discovered until after the bank was closed.  The cashier of the bank testifies that such a mistake was made, and points out the manner in which it was done.  The cashier is corroborated by other testimony that convinces us that his testimony is true.  It would subserve no good purpose to review the testimony at length, nor do we wish to cast reflections upon the testimony of any of the witnesses.  The judgment is sustained by the clear weight of testimony, and is affirmed.

JUDGMENT AFFIRMED.