JOHN CATTLE, SR., PLAINTIFF IN ERROR, V. M. D. HADDOX ET AL., DEFENDANTS IN ERROR.

1. **Usury:** COSTS. In an action on a contract where it is plead that illegal interest has been contracted for or taken or reserved, and the truth of such plea shall be proved or admitted, the defendant is entitled to recover costs.

2. ———: ———. Such recovery will not be confined to the costs made or incurred on question of usury, but will apply to the costs of the action.

3. **Costs:** MOTION TO RE-TAX. A motion for re-taxation of costs made necessary by mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order, may be made at any time within three years after judgment upon reasonable notice to the adverse party, or his attorney in the action.

ERROR to the district court for Butler county. Heard below before POST, J.

*R. S. Norval,* for plaintiff in error.

*Robberts & Fuller,* for defendants in error.

COBB, CH. J.

This cause was in this court in 1883, when the judgment of the district court in favor of the present plaintiff in error was affirmed. The case is reported in 14 Neb., 527. There was no question of costs in that case; but it

appears from the record in the case at bar, that after the affirmance of the judgment in the former case, and at the December term of the district court, 1883, the defendants filed their motion for a re-taxation of the costs in the case, of which motion the following is a copy:

" And now come defendants and move the court to re-tax the costs herein, and for cause of said motion say that on the 16th day of February, 1883, the action was tried upon the issues joined before Geo. G. Bowman as referee. That the third count in defendants' answer set up that the contract upon which the action was brought was usurious. That the referee in his findings found the following facts: 1. That the note upon which this action is brought was for $445.15. 2. That the consideration for which the note was given, and the actual sum which defendants received was $383.

" In the conclusions of law as reached by said referee he found:

"1. That the contract for the payment of the said sum of $445.15 was usurious. That the referee also found that on the 2d day of April, 1880, the defendants paid on said note the sum of $247.35, and that there was still due the plaintiff the sum of $135.65, and that plaintiff was entitled to a decree of foreclosure of the mortgage as set out in the petition to secure said note.

" At the May term, A.D. 1883, of this court, the report of the said referee was filed and adopted and confirmed by the court, and judgment and decree ordered.

"That by a mistake or oversight of the clerk of this court, judgment was entered and recorded against the defendants for the said sum of $135.65 and costs of suit, taxed at $108.33. That the error or mistake complained of by the defendants is, that the clerk rendered judgment against them for $108.33 as costs in the case, etc. It further appears that on the 17th day of December, 1883, it being a day of said term of court, the said motion to re-

tax costs came on for trial to the court, upon the affidavits of C. A. Bemis, C. W. Barkley, and R. S. Norval. * * * And after hearing said motion upon the affidavits aforesaid, and upon said last mentioned date, the court sustained the said motion to re-tax the costs in said case, and thereupon ordered all of said costs to be taxed to the plaintiff, and then and there caused to be entered upon the journal of said court the following order and judgment," etc.

This proceeding is brought to this court on error.

Section 5, of chapter 44 of the Compiled Statutes, provides as follows: "If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not therefore be void, but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal without interest, and the defendant shall recover costs."

But the plaintiff in his brief says that, "as shown by the record, the question of usury was not contested upon the trial, but usury was expressly and openly admitted, but the case was stubbornly fought *solely* on the question of payment, no witness being called to prove usury. That all the costs were made *solely* on the question of payment." The plaintiff accordingly urges that the costs being made on another branch of the case, and not in establishing or disproving the charge of usury, the provision of the statute above quoted does not apply. I should doubt the propriety of a court entering upon the task of searching out and distinguishing between the items of costs made on one branch or another in any case, but were we disposed to do so it would be impossible in this case, as there is nothing in the record before us to show what items of costs entered into the bill which seems to have been taxed at $108.33. True there is the affidavit above referred to, in which it is alleged that no witness was examined or testified on the subject of usury.

An examination of the language of the statute above quoted cannot fail to show that it was not the intention of its framers to confine its effect to the costs made in proving on the one hand, and trying to disprove on the other, the charge of usury. The language is, " If, in any action on such contract, proof be made that illegal interest has been * * * contracted for or taken * * * the defendants shall recover costs." It will not be denied that the report of the referee brings this case within the terms of the statute, whether there was proof that usury had been contracted to be paid or not. The plaintiff in his brief says that it was admitted, rendering proof unnecessary. This then being an action on one of the class of contracts contemplated by and described in the statute, the defendant by its very letter is entitled to recover costs. This statute fixes no limit to this recovery. We are therefore left to the fee bill and other provisions of statute to ascertain what costs he may be entitled to recover in the action, and he is not confined to the costs arising on any one branch of it.

The plaintiff also makes a point as to the time when the motion upon which this proceeding arose was made in the district court. The proceeding was, as I suppose, brought under the *third* subdivision of section 602, and the first subdivision of section 604 of the civil code. By reference to the last clause of section 609 of the code it will be seen that such proceeding may be had within three years after the defendant has notice of the judgment. In this case the plaintiff or his attorney was entitled to reasonable notice of the motion, which I presume they had, as they appeared and resisted, and no complaint is made in that regard.

The proceedings and order of the district court are affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.