GEORGE M. MONTGOMERY ET AL. V. ALBION NATIONAL BANK.

FILED FEBRUARY 16, 1897. No. 6929.

1. **Usury:** PAYMENT: SET-OFF. Money paid to a national bank as usurious interest on a loan of money cannot be set off in a suit brought by it to recover the principal debt more than two years after such payment was made. *Norfolk Nat. Bank v. Schwenk*, 46 Neb., 381, and *Lanham v. First Nat. Bank of Crete*, 46 Neb., 663, followed.

2. **Review:** ASSIGNMENTS OF ERROR. The question as to whether there was error in the assessment of the amount of recovery will not be considered unless raised by a proper assignment of error.

3. ———: CONFLICTING EVIDENCE. Questions of fact determined upon conflicting evidence will not be reviewed in this court.

4. **Usury:** COSTS: ATTACHMENT. Where, in an action on a promissory note, the defense of usury is established, the defendant is entitled to recover his costs, and such recovery applies to costs incurred in the suing out of an attachment in the case.

ERROR from the district court of Boone county. Tried below before HARRISON, J. *Modified.*

*F. S. Howell* and *Montgomery & Hall,* for plaintiffs in error.

*J. A. Price, contra.*

NORVAL, J.

This was an action upon a promissory note for $2,700 executed by the defendants below under the firm name of Montgomery & Jaycox, and delivered to the Albion National Bank. The defense was usury, thirteen payments of illegal and usurious interest of $16.50 each being set up in the answer in as many counts thereof. The bank filed a general demurrer to the several counts of the answer, which was overruled as to the first three defenses and sustained as to the others. From a judgment against the defendants they prosecute error.

It is argued that there was reversible error in sustaining the demurrer to the last ten grounds of defense contained in the answer. The defendants sought to have applied, by way of set-off against the note, the several payments of illegal or usurious interest actually paid the bank on the loan. The district court ruled they were not entitled to do so, which is in accord with the doctrine recognized and applied in *Norfolk Nat. Bank v. Schwenk,* 46 Neb., 381, and *Lanham v. First Nat. Bank of Crete,* 46 Neb., 663. In the opinion in the last case it was said "that usurious interest paid a national bank on a note cannot be set off in an action upon such note, and that the federal statute alone determines the penalties that shall be visited upon such banking institutions for exacting and receiving illegal interest; that is, if illegal interest has been contracted for and not paid, the bank forfeits all interest; but if illegal interest has been paid to a national bank, the borrower may recover double the amount thereof, providing his action is commenced within two years from the time the usurious transaction occurred; further, that the borrower may not set off in an action on

the note either the amount of usurious interest paid thereon, or double the sum so paid, more than two years before the action was instituted." The answer shows that all the payments of usurious interest, excepting the first three, were made more than two years prior to the bringing of this suit; and furthermore, that an action has been instituted by the defendants against the bank under the Revised Statutes of the United States to recover double the amount of usurious payments, and said suit is still pending and undetermined. In view of these facts, there was no error in sustaining the demurrer.

The note in controversy was taken in renewal of two other notes given by the defendants for $1,500 and $1,200 respectively. The one for the larger sum was tainted with the vice of usury, while as to the other no usury is claimed. It is insisted that the merging of those two notes into the one under consideration affected the latter with the usurious taint, and prevents the recovery of interest on any portion of the principal sum; therefore, the court below erred in allowing interest on $1,200 of the debt. Whether this is true or not we refrain from deciding, since no complaint has been made in the petition in error that the assessment of the amount of the recovery was excessive. (*Beavers v. Missouri P. R. Co.*, 47 Neb., 761; *Barmby v. Wolfe*, 44 Neb., 77.)

Another contention is that there was error in overruling the motion to discharge the attachment, which was based upon two grounds—the insufficiency of the affidavit on which the attachment was issued, and that the statements therein contained are untrue. The latter ground alone is relied upon in this court. The motion to dissolve was heard upon conflicting affidavits, and the decision being supported by evidence tending to show that at least one of the statutory grounds for an attachment existed, the ruling will not be molested.

Finally, it is argued that the court erred in rendering judgment in favor of the bank for the costs made on the attachment. All other costs were taxed to it. The note

for $1,500, already mentioned, was executed and delivered by the defendant to Thompson & Barker, who, after the receipt of three payments of illegal interest, indorsed the note to the Albion National Bank. The latter was a purchaser with notice of the usurious contract. Section 5, chapter 44, Compiled Statutes, declares: "If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void, but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs." By virtue of the foregoing provision, when the defense of usury is established, in any action, the defendant is entitled to recover his costs, even though the plaintiff obtains judgment. The statute has made no exception as to costs made in an ancillary proceeding before judgment, as in case of attachment, and the court can make none. It is said that this bank is a creature of the law of the general government and is liable alone to penalties imposed by the federal statute relating to usurious contracts. As a general proposition that could be safely conceded as to usurious contracts made with national banks, and in this case such rule has been applied as to all usurious interest contracted for and received by the bank on the $1,500 note. But the question of costs in the case at bar is controlled by the state statute above quoted, since the note is tainted with the vice of usury in its inception, and was not delivered to the bank originally, but it subsequently became the owner thereof by purchase, with notice of the usurious transaction. The fact that the costs grew out of the attachment proceedings, and were not made in proving or disproving the charge of usury, is immaterial. (*Cattle v. Haddox*, 17 Neb., 307; *Rodgers v. Graham*, 36 Neb., 730.)

The judgment, in so far as it awarded the bank the costs which accrued in the attachment, is reversed and a

judgment for defendants below will be entered for the amount of their costs in the attachment. In all other respects the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.

HARRISON, J., not sitting.