INTERSTATE SAVINGS & LOAN ASSOCIATION, 'APPELLEE, V. HATTIE B. STRINE ET AL., APPELLANTS.

58     133
s59     27
f59     459

FILED FEBRUARY 23, 1899.     No. 8724.

1. **Usury: COSTS.** In a suit on a contract for the payment of money, where the defense of usury is established, the plaintiff is not entitled to costs nor interest on the judgment awarded him.

2. ———: **FOREIGN BUILDING AND LOAN ASSOCIATIONS.** The contracts of foreign building and loan associations made in this state are not exempt from the penalties denounced against usurious transactions by our statutes.

3. **Review.** Evidence examined, and *held* insufficient to support the decree.

4. **Acknowledgments.** A United States commissioner has no authority to take acknowledgments of real estate conveyances executed in this state.

5. ———: **HOMESTEAD.** A conveyance of real estate, the same being the homestead of the grantors, is, unless acknowledged by both husband and wife, void.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Reversed.*

*Daniel F. Osgood,* for appellants.

*Benjamin F. Johnson, contra.*

RAGAN, C.

The Interstate Savings & Loan Association, a foreign corporation, brought this suit in the district court of Lancaster county against William R. Strine and wife to foreclose a real estate mortgage. Strine and his wife interposed as defenses (1) that the contract sued on was usurious, and (2) that the property covered by the mortgage was a homestead and Mrs. Strine had never acknowledged that mortgage, and therefore it was void. The answer also set out the exact sum of money received from the loan association and the amount of payments

that had been made. The court entered a decree in favor of the association for a certain sum of money, the decree to draw ten per cent interest, and also awarded the association costs. Strine and his wife have appealed. The decree must be reversed.

1. The pleadings show upon their face that the note sued upon drew interest at the rate of thirteen per cent per annum, payable monthly. The association then was not only not entitled to recover costs, but the decree should not have drawn any interest whatever.

2. Since the building association is a foreign corporation, its contracts are not exempt from the penalties denounced against usurious transactions by the statute. Only building and loan associations organized under the laws of this state are exempted by the general statutes from the penalties of usury. (*National Mutual Building & Loan Ass'n v. Keeney*, 57 Neb. 94.)

3. The evidence in this case shows without conflict that Strine and his wife executed and delivered to this association a note for $600, for which they received the sum of $572.70 only; that they have paid to this association on this contract, including the amount reserved by the association, $198.40, so that in no event should a decree be awarded against them for more than $374.30, without interest and without costs.

4. The acknowledgment of Strine, the wife, to the mortgage in suit was taken by one Straut, a United States commissioner. We know of no law of this state which authorized that officer to take acknowledgments of deeds.

There was some conflict in the evidence as to whether the mortgaged property was the homestead of the mortgagors. If the district court shall find that it was not, then the fact that the acknowledgment was taken before a United States commissioner, and, therefore, that the mortgage was not acknowledged at all, would, in this case, be immaterial and no defense. But if the district court shall find on retrial that the mortgaged property was the homestead of Strine and wife, the mortgage

should be canceled, since a conveyance of real estate, it being the homestead of the grantors, is; unless acknowledged by both husband and wife, absolutely void. (*Horbach v. Tyrrell*, 48 Neb. 514; *France v. Bell*, 52 Neb. 57.) If the mortgage shall turn out to be void because the mortgaged property was the homestead of the mortgagors, the building association would be entitled to a judgment against Strine, the husband, for not more than $374.30, without interest or costs. The decree is reversed and the cause remanded with instructions to the district court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.