WILLIAM H. MALE ET AL., APPELLEES, V. ANNIE WINK
ET AL., APPELLANTS.

FILED MAY 22, 1901.    No. 9,453.

1. **Defense of Usury:** PURCHASER BONA FIDE: BURDEN OF PROOF. Where the defense of usury is established, the burden of proof is upon the plaintiff to show that the note was indorsed before maturity to a purchaser *bona fide* for value, without notice.

2. **Evidence.** The mere introduction of a promissory note duly indorsed, where the defense of usury is established, is insufficient to prove that plaintiff is an innocent holder for value before maturity, of the paper.

3. **Defense of Usury Personal.** The defense of usury is personal to the maker, and his sureties and privies.

4. **Purchaser of Equity of Redemption.** A purchaser of the equity of redemption, being neither surety or privy, who assumes a mortgage on the premises, can not put up the usurious contract of his grantor as a defense.

5. **Defense of Usury.** The defense of usury is available to the mortgagor, nothwithstanding he has sold the mortgaged premises, if made a party to the suit and under the petition a deficiency judgment could be rendered against him.

6. **Amount of Recovery.** Where the defense of usury is established, the plaintiff is entitled to no interest, and can recover only the actual amount loaned, diminished by all payments of principal and interest paid on the debt.

APPEAL from the district court for Antelope county. Heard below before ROBINSON, J. *Reversed.*

*N. D. Jackson, A. A. Williams* and *William V. Allen,* for appellants.

*Flansburg & Williams, contra.*

NORVAL, C. J.

This was a suit to foreclose a real estate mortgage executed by Dewalt Wink and Annie Wink, to secure payment of a promissory note of said Dewalt to P. O. Refsell, in the sum of $500 borrowed by the former. The note is dated April 17, 1886, payable December 1, 1890,

and draws interest from date at eight per cent per annum, payable semi-annually, according to nine interest coupon notes thereto attached.   The note has this indorsement:

"For value received, I hereby assign and transfer the within bond, together with all my interest in and all my rights under the mortgage securing the same to ——— without recourse.                    P. O. REFSELL."

The defense interposed is usury.   The clear and undisputed evidence is that Dewalt Wink borrowed the sum of $500, of which $50 was at the time retained by the lender as commissions and interest, and that the borrower received $450 and no more.   If the note had matured five years from date thereof the contract would not have been tainted with the vice of usury, since the $50 reserved added to eight per cent interest specified in the note on the sum loaned for that time would amount to $250, or ten per cent interest on $500 for five years.   But the note by its terms was to mature in four years, seven months and fourteen days from its date.   As the interest on the face of the note for that period at ten per cent gives $231.11, while the amount reserved and deducted from the loan, added to the eight per cent interest from date of the note, amounts to $234.89, it is clear that $3.78 interest in excess was contracted to be paid on this loan.

But it is argued that the defense of usury is not available, because the note was transferred to a good-faith purchaser for value, before maturity, and without notice. This contention is not borne out by the record.   Plaintiff introduced in evidence the note containing the indorsement thereon, above set out.   There is no other evidence offered to show that the note in question was indorsed before maturity, and without notice.   The introduction of the note and indorsement as evidence did no more than make out a *prima facie* case for plaintiff.   *McDonald v. Aufdengarten*, 41 Nebr., 40.   The defense of usury having been established, the burden was thereby cast upon

the plaintiff to establish that he was the *bona fide* holder for value without notice. *McDonald v. Aufdengarten, supra; Wortendyke v. Meehan,* 9 Nebr., 221; *Colby v. Parker,* 34 Nebr., 510; *Suiter v. Park Nat. Bank,* 35 Nebr., 372; *Vail v. Van Doren,* 45 Nebr., 450.

But it is, also insisted that the defense interposed is not available because Dewalt Wink conveyed the mortgaged premises to his wife, Anna Wink, that the latter joined with her husband conveyed the property to J. F. Curtis, who in the deed assumed payment of the mortgage in question, and that Curtis subsequently conveyed the premises to the defendant Anna Wink, who likewise assumed the mortgage. The defense of usury is personal to the borrower, and his sureties and privies. A purchaser of the equity of redemption, being neither surety nor privy, cannot avail himself of the usurious contract of his grantor. *Cheney v. Dunlap,* 27 Nebr., 401; *McKnight v. Phelps,* 37 Nebr., 858. Curtis therefore could not have set up the defense of usury. But Dewalt Wink, being a party to the usurious contract, had the legal right to interpose the defense in his own behalf since under the petition a deficiency judgment could be rendered against him. The evidence discloses that Wink has paid on those loans as interest $384.88, which sum must be deducted from the face of the note. Plaintiffs are entitled to a decree of foreclosure for the sum of $115.12, and for the amount of taxes by them paid on the mortgaged premises, with ten per cent interest thereon from the date of such payment. The decree is accordingly reversed, and the cause remanded with directions to enter a decree in favor of the plaintiffs in accordance with this opinion, without costs to them.

REVERSED AND REMANDED.

NOTE.—Where the borrower seeks affirmative relief against a usurious contract, he must first tender the full amount of principal and lawful interest. *Eiseman v. Gallagher,* 24 Nebr., 79, mentioned with approval in *Frenzer v. Richards,* 60 Nebr., 131. But read opinion in *Brewster v. Bank of Ainsworth,* 43 Nebr., 79.—REPORTER.