EDWARD R. GREEN, APPELLANT, V. ERNEST K. FIESTER ET AL., APPELLEES.

FILED JANUARY 26, 1934. No. 28744.

*Stiner & Boslaugh* and *Edmund P. Nuss,* for appellant.

*J. E. Willits, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

DAY, J.

This is a suit to foreclose a mechanic's lien arising out of the repair of a building following its damage by a tornado. The plaintiff's petition alleged that he entered into a contract with the defendant, Ernest K. Fiester, who is the owner, to furnish the material and perform the labor necessary to repair a building for the sum of $1,068.02, and that the work and labor were performed according to the contract. The plaintiff filed an affidavit setting out the account in writing of his claim with the register of deeds as provided by section 52-103, Comp. St. 1929. The defendant filed a general denial. Upon a trial the district court found that the plaintiff furnished labor and material for the repair of the building in question, and that there was due the plaintiff from the defendant on account of said work and labor the sum of $162.05. From this judgment, the plaintiff appeals to this court.

Both the sworn statement of account which was filed by the plaintiff and the petition filed by the plaintiff to foreclose the lien set out that a contract existed between the plaintiff and the defendant to repair the building for the sum of $1,068.02. The evidence discloses that, after the building had been damaged by the storm, the plaintiff was requested to make an estimate of the cost for doing the work. This was done, but the adjuster for the insurance company which had insured the building objected that the estimate was too high. It was agreed between the adjuster for the insurance company and the defendant that he would proceed with the repairs and settlement would be made on the basis of the cost of

repairs. The defendant proceeded to do considerable work along this line. But before the work was completed, the plaintiff alleges that defendant called him in and entered into the contract as set out in the petition, in which he agreed that plaintiff was to take over the work and complete the repairs of the building for the amount of the adjustment by the insurance company, less the amount which the defendant had paid or would pay on the work or material. The plaintiff's testimony was that the amount paid the defendant by the insurance company was $1,957.97 and that the amount paid out for labor and material by the defendant was $889.95, and that therefore on account of this agreement the contract price for doing this work was $1,068.02. It is established by the evidence that the plaintiff was paid $1,748.20 by the insurance company, from which should be deducted $889.95 which would fix the amount due plaintiff $858.25 if the contract is found to be as contended by the plaintiff. The plaintiff's evidence as to the contract is corroborated by the defendant. These undisputed facts support the testimony of plaintiff that such a contract existed. The defendant made no claim for the loss on the building but turned the receipts for money spent on repairs to plaintiff who was to complete the work and prepare the claim for the entire repairs and present it to the insurance company. This was done and an adjustment was agreed upon between the adjuster and the plaintiff. The defendant never made any statement to the insurance company of the loss. This is a brief résumé of the evidence relating to the alleged contract under which the labor and materials were furnished for the repair of the defendant's building. It preponderates in favor of plaintiff's claim.

It is urged that the details of the work and the items of material are not proved. It is true that the plaintiff is rather vague on the various items, but he accounts for this by his claim that he turned over his check, receipts and record of labor to the insurance adjuster and had been unable to get them back. Of course, where there is

a contract for a specified sum to furnish the labor and the material for the repair of a building, a detailed account is not necessary. *Doolittle & Gordon v. Plenz,* 16 Neb. 153, and *Guiou v. Ryckman,* 77 Neb. 833.

The judgment of the district court is reversed and the cause remanded, with directions to the trial court to enter judgment for $858.25 and interest as provided by law.

REVERSED.