CENTRAL CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. MABEL H. BLANCHARD, APPELLANT AND CROSS-APPELLEE.

141 N. W. 2d 416

Filed April 1, 1966. No. 36033.

James F. Brogan, for appellant.

Abrahams, Kaslow, Story & Cassman and Deutsch & Hagen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

This is an action to foreclose a mechanic's lien based on a written contract involving a time price differential. The trial court entered a judgment for the plaintiff for the amount of the cash contract price. The defendant has appealed, and the plaintiff has cross-appealed.

On April 10, 1963, the plaintiff and defendant entered into a written contract providing that the plaintiff would remodel and repair the defendant's residence. The contract had a total cash price of $1,350, and contained a time price differential of $505.80, with a total time price balance of $1,855.80, payable in 60 installments of $30.93 each on the same day of each successive month. It was on a printed form which was completely filled out at the time it was signed by the defendant except for the commencement date of the payments. There was specific testimony that it was understood and agreed that the payments would commence 45 days after the job was completed. Sometime later the date of June 28, 1963, was inserted as the commencement date for monthly payments.

The plaintiff employed a carpenter who performed most of the labor. The plaintiff furnished the materials and the work was completed on or about May 10, 1963. On that date, the defendant signed a completion certificate. The mechanic's lien was filed May 25, 1963, for the sum of $1,855.80. The itemization on the lien was: "See attached copy of contract."

The judgment of the district court found that the

plaintiff was entitled to recover the sum of $1,350 only and that the charge for the time price differential was invalid. It held the sum of $1,350, together with $4.75 of recording expense, was a first lien, and entered judgment of foreclosure for the sum of $1,354.75, with interest from the date of the judgment at 6 percent and plaintiff's costs in this action.

The defendant contends first that the plaintiff was a mere broker who advanced money only; that the labor was actually performed by someone other than the plaintiff; and that, therefore, the plaintiff has not established that it furnished labor and materials within the meaning of the mechanic's lien statute. It is apparently the defendant's position that a contractor must perform the labor and deliver the materials itself, and cannot perform through agents or subcontractors. The argument is that when a principal contractor contracts with someone else to furnish labor or materials required, the contractor is merely furnishing money, and not the labor or materials within the meaning of the mechanic's lien statute. This is simply unsupported by the record here, and there is no question but that the work and materials were furnished by the plaintiff under the contract, although the labor was performed by a carpenter who was paid on a basis other than an hourly basis.

It is contended that the plaintiff did not file a written itemized account as required by section 52-103, R. R. S. 1943, although it did attach to and file with the lien a copy of the written contract. This court has held that where there is a contract for a specified sum to furnish labor and materials for the repair of a building, a detailed account is not necessary. Green v. Fiester, 125 Neb. 874, 252 N. W. 397. The lien and its filing here complied with sections 52-101 and 52-103, R. R. S. 1943.

The defendant also contends that the plaintiff had no authority to fill in the blank as to the date for commencement of monthly payments. The evidence shows that it was agreed that the commencement date would be

45 days after the job was completed. The defendant did not deny that agreement, but simply testified that she did not give any authority to fill in any blanks. Under such circumstances, the filling of the blank in the written instrument was not a material alteration, and the plaintiff, in the absence of specific instructions otherwise, had implied authority to fill in the date. See, Montgomery v. Dresher, 90 Neb. 632, 134 N. W. 251, 38 L. R. A. N. S. 423; Mazanec v. Lincoln Bonding & Ins. Co., 169 Neb. 629, 100 N. W. 2d 881.

The district court's action in entering a judgment for the plaintiff for the amount of the cash contract price was correct.

The remaining matters in dispute involve that portion of the contract requiring payments in excess of the cash price, and with the right to interest and costs as affected by those requirements. The defendant contends that the plaintiff is not entitled to any costs, nor even interest on the judgment because the contract is usurious. The plaintiff contends, in its cross-appeal, that the contract was for a time price differential; that it was not usurious; and that the plaintiff is entitled to the full amount of the contract, including the full time price differential, interest, and costs.

The district court found that the time price differential was invalid, and the defense of usury was specifically pleaded. It has been established since Elder v. Doerr, 175 Neb. 483, 122 N. W. 2d 528, that a contract in compliance with the 1959 Nebraska Installment Sales Act was not a bona fide time sale, under circumstances similar to those in the case here, and that such agreements were usurious when they provided for time price charges in excess of the legal interest rate. Since that decision, legislative action has changed the effect of such contracts so that they are no longer entirely void, but there is now no right to collect or receive any interest or charges on such a contract. The practical effect has been to place such contracts under the provisions of the gen-

eral usury statute, section 45-105, R. R. S. 1943. That section provides: "If a greater rate of interest than is allowed in section 45-101 shall be contracted for or received or reserved, the contract shall not on that account be void, but if in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, *the plaintiff shall recover only the principal, without interest,* and the defendant shall recover costs; and if interest shall have been paid thereon, *judgment shall be for the principal,* deducting interest paid; * * *." (Italics supplied.)

The statute is specific that the defendant shall recover costs. In Montgomery v. Albion National Bank, 50 Neb. 652, 70 N. W. 239, it was held that the defendant's recovery of costs even applied to costs incurred in the suing out of an attachment before judgment.

In the case of Interstate Savings & Loan Assn. v. Strine, 58 Neb. 133, 78 N. W. 377, this court held that where the defense of usury was established, the plaintiff was not entitled to interest on the judgment awarded him. This is the proper construction placed on section 45-105, R. R. S. 1943, hitherto set out. The first portion in italics plainly provides that on a usurious contract the plaintiff shall recover only "the principal, without interest." The second portion emphasized refers to the judgment which shall be for the principal. We think the legislative intent is clear that no interest can be recovered on the judgment. Section 45-105, R. R. S. 1943, is a special statute governing usurious contracts and judgments to be entered thereon, and takes precedence over the general statute providing for interest on judgments, section 45-103, R. R. S. 1943, in cases where usury is established.

The judgment in this case should be for the plaintiff for the sum of $1,350 without interest, with all costs to be taxed to the plaintiff.

For the reasons herein stated, the judgment is affirmed as modified, the same to be without interest, and with

costs taxed to the plaintiff.

AFFIRMED ·AS MODIFIED.

McCown, J., dissenting.

I respectfully dissent from that portion of the majority opinion which affirms the case of Interstate Savings & Loan Assn. v. Strine, 58 Neb. 133, 78 N. W. 377, and holds that, under the provisions of section 45-105, R. R. S. 1943, the plaintiff is not entitled to interest on the judgment awarded it.

Not only does the majority opinion reaffirm the Strine case, it actually extends it. The Strine case reached its holding with no reference whatever to section 45-103, R. R. S. 1943, dealing with interest on all decrees and judgments. The majority opinion here states: "Section 45-105, R. R. S. 1943, is a special statute governing usurious contracts *and judgments to be entered thereon,* and takes precedence over the general statute providing for interest on judgments, section 45-103, R. R. S. 1943." (Emphasis ours.)

The Strine case in 1899 apparently overlooked, and certainly did not consider, the doctrine of merger. The majority opinion here still does not mention the doctrine of merger, under which a judgment becomes a new cause of action and wipes out the old cause of action. This is done on the strength of the language that the plaintiff shall "recover only the principal without interest." This court now concludes that "the legislative intent is clear that no interest can be recovered on the judgment." The opinion determines that the Legislature specifically intended to discard the doctrine of merger as applied to judgments entered upon portions of usurious contracts specifically declared to be valid by the same statutory enactment.

Restatement, Judgments, § 47, p. 181, states the rule of merger: "Where a valid and final personal judgment in an action for the recovery of money is rendered in favor of the plaintiff, (a) the plaintiff cannot thereafter maintain an action against the defendant on the

cause of action; but (b) the plaintiff can maintain an action upon the judgment." The comment is particularly applicable here: "a. The doctrine of merger. Where the plaintiff brings an action against the defendant and a valid and final judgment for the payment of money is rendered in favor of the plaintiff, the original claim of the plaintiff is extinguished and a new cause of action on the judgment is substituted for it. In such a case, the plaintiff's original claim is merged in the judgment. It is immaterial whether or not the plaintiff's original claim was valid. It is immaterial whether or not the defendant had a defense to the action if he did not rely upon it, or if he did rely upon it and judgment was nevertheless given against him. It is immaterial whether the judgment was rendered upon a verdict or upon a demurrer or other objection to the pleadings or upon confession or default."

The majority opinion determines that section 45-105, R. R. S. 1943, is a special statute as to interest on judgments. It appears in Chapter 45 dealing only with interest. Section 45-103, R. R. S. 1943, deals with interest on judgments and decrees; section 45-104, R. R. S. 1943, deals with interest on other contract obligations; and section 45-106, R. R. S. 1943, deals with interest on warrants or orders of municipal subdivisions. The conclusion that it is a special statute, applying to judgments, is reached in spite of the fact that section 45-105, R. R. S. 1943, itself, in the first sentence states "the *contract* shall not on that account be void, but if in any action on such *contract* * * *." (Emphasis ours.) The only portion of section 45-105, R. R. S. 1943, which ever mentions the word "judgment" says "judgment shall be for the principal, deducting interest paid."

Our belief that the Strine case overlooked the doctrine of merger, and the relevancy of section 45-103, R. R. S. 1943, is confirmed by the case of Male v. Wink, 61 Neb. 748, 86 N. W. 472, which clearly involved the same issue of interest on the judgment itself. This court said:

"Plaintiffs are entitled to a decree of foreclosure for the sum of $115.12 (the principal amount, deducting interest paid), and for the amount of taxes by them paid on the mortgaged premises, with ten per cent interest thereon from the date of such payment. The decree is accordingly reversed, and the cause remanded with directions to enter a decree in favor of the plaintiffs in accordance with this opinion, without costs to them." (Parenthetical insert ours.) The implication as to interest on the judgment seems clear, although the Strine case was not referred to.

Various legislative and constitutional provisions dealing with time sales contracts have been adopted recently in specific response to this court's prior holdings that usurious time sales contracts were void. All of the legislative enactments and declarations refer to *contracts* or to *interest or charges contracted for.* These enactments specifically state that the contracts shall not be void. So far as we can determine, not one of the legislative enactments refer to judgments nor interest on judgments.

The majority opinion treats section 45-105, R. R. S. 1943, as though the words "the plaintiff shall recover only the principal, without interest," not only designated the amount for which the judgment should be entered, but also specifically said that the judgment itself should be without interest. In the portion of section 45-105, R. R. S. 1943, dealing with situations where interest shall have been paid, the only place where the word "judgment" is used, the specific direction of the statute is that "judgment shall be for the principal, deducting interest paid," and there is no reference whatever to interest on the judgment.

As this court held in Patterson v. Spelts Lumber Co., 166 Neb. 692, 90 N. W. 2d 283, the provisions of section 45-103, R. R. S. 1943, for the payment of interest on all decrees and judgments for the payment of money: "* * * refer to judgments or decrees for money which

is immediately due and collectible where its nonpayment is a breach of duty on the part of the judgment debtor." The judgment here is clearly that.

It seems to us a strained construction to treat section 45-105, R. R. S. 1943, as a special statute intended to apply not only to interest on usurious contracts before judgment, but also as intended to apply to judgments for the portion of such contracts which the same statute specifically declares to be valid, and which by judgment and merger become immediately due and collectible. We believe that the majority opinion here not only raises serious questions as to the doctrine of merger and of special and general legislation, but affirms a decision which we believe to be erroneous. Subsequent action of this court, the electorate, and the Legislature has also altered the problems of interpretation.

We believe that the case of Interstate Savings & Loan Assn. v. Strine, 58 Neb. 133, 78 N. W. 377, should be overruled, and that the plaintiff should have judgment for the sum of $1,350, with interest from November 20, 1964, with all costs to be taxed to the plaintiff.

I am authorized to state that Boslaugh and Smith, JJ., join in this dissent.